A. C. RUDOLF & Co., PLAINTIFFS IN ERROR, v. R. L. MC-DONALD & Co. AND OTHERS, DEFENDANTS IN ERROR.

1. Attachment: AFFIDAVIT IN. An objection that affiant's name was omitted from the body of the affidavit, he having duly signed it at the close, is technical merely, and no ground for dissolving the attachment.

2. ————: VENUE; AMENDMENT OF. The want of a venue, however, if taken advantage of by the defendant at the proper time, is a fatal defect, unless cured by amendment. And when the venue is omitted by mistake it is proper for the court to allow an amendment in accordance with the facts.

3. ————: MOTION TO DISSOLVE; WHEN TO BE MADE. But to be available the motion to dissolve in such case must be made before final judgment in the action.

4. ————: SUBSEQUENT ATTACHING CREDITOR. And a subsequent attaching creditor, even if he could take advantage of this defect at all, which we do not decide, is entitled to no advantage over the defendant in this respect.

5. ————: ————. The true rule of practice in such case is, that where property is seized under an order of attachment, and no question of ownership is raised nor any fraud or collusion charged, final judgment in the action concludes all inquiry by third persons concerning the validity or regularity of the proceedings, no matter how erroneous they may have been, provided the court had jurisdiction.

6. ———:  WAIVER BY DEFENDANT  The defendant in attachment may waive anything when it will cause no substantial injustice to the other creditors, or is not intended to guard their rights, and if he do so, a subsequent attaching creditor can take no advantage of a former by reason of any such waiver.

ERROR from the district court for Seward county. The opinion states the case.

J. R. Webster and L. C. Burr, for plaintiffs in error, cited Harrison v. King, 9 Ohio State, 388.    Ward v. Howard, 12 Id., 158.    Lane v. Morse, 6 How. Pr., 394. Vincent v. People, 5 Parker, 88.    Cook v. Staats, 18 Barb., 407.    Patterson v. Gulmare, 2 Disn., 505.

Lowley & Leese, for defendants in error.

LAKE, CH. J.

The plaintiffs in error complain of the order of the court below in adjusting the priorities of liens acquired by several attachment creditors upon the property of Frederick Bick, their common debtor.

Two of these attachments, one by Hundley, Judd & Co., and that of McDonald & Co., were sued out and levied upon the property in question, simultaneously on the twenty-ninth of October, 1875.    So that, as between these, neither acquired priority.    On the day following Hundley, Judd & Co. sued out a second order of attachment, and this was immediately levied, subject to the two already upon the property.    But the attachment on which the claim of the plaintiffs in error is based was not made until the thirteenth of November, and, as the sheriff returns, was subject to three others, as the statute directs.

In none of these cases does it appear that the defendant made any objection to the attachments, except in that of  McDonald & Co., wherein he moved a dissolution, but

upon what ground the record does not disclose. This motion, however, was overruled, and at the same time leave was given to file an amended affidavit, which was done without the least objection from Rudolf & Co. Indeed these plaintiffs did not at any time question the legality, nor the strict regularity of the prior attachments, until after final judgments had been rendered and the attached property had been ordered to be applied to their payment, when, on a mere motion for the adjustment of liens, they asked that these prior attachments be disregarded and theirs given precedence, on the ground of certain alleged defects in the affidavits on which the orders were issued.

The ground of objection to the two attachments of Hundley, Judd & Co. was that the affidavits have no venue, and to that of McDonald & Co. that the affiant's name, although duly signed at the close, was not inserted in the body of the instrument.

Of this last objection all that need be said is, that it is technical merely, possessing no merit whatever. The signature at the close was enough, although as a matter of form it is usual for the draftsman to insert the name at the commencement. But, even if this omission were material, it was wholly cured by the amended affidavit before referred to, wherein this formality was strictly observed. *Stewart v. Carter*, 4 Neb., 564.

The want of a venue, however, was a much more serious matter, and would undoubtedly have been fatal had the defendant taken advantage of it in season, unless cured by an amendment in accordance with the facts, which it would have been proper for the court to have allowed. *Struthers v. McDowell*, 5 Neb., 491, and cases cited. But a motion to dissolve an attachment cannot be entertained after final judgment in the action has been rendered. Our practice in this particular is controlled by section two hundred and thirty-five of the

code of civil procedure, which provides that "the defendant may, *at any time before judgment*, upon reasonable notice to the plaintiff, move to discharge an attachment as to the whole or a part of the property attached." This being the rule as to the defendant in the action, how is it with the plaintiffs in error? Even if it be conceded that they could take advantage of this defect at all—which is extremely doubtful—it is certainly clear that they are entitled to no advantage over the defendant in this respect.

Section two hundred and twelve of the code of civil procedure provides that "an order of attachment binds the property attached from the time of service." Property thus bound is in the custody of the law for the satisfaction of the claims for which it was seized, and the lien thus created will continue, unless voluntarily relinquished, or discharged in one of the statutory modes.

The rule to be deduced from these provisions of our law is, that when property has been seized under an order of attachment and no question of ownership is raised, nor any fraud or collusion charged, final judgment in the action concludes all inquiry by third persons concerning the validity or regularity of the proceedings, no matter how erroneous they may have been, provided the court had jurisdiction.

In addition to this, it should be borne in mind that the grounds upon which subsequent attaching creditors may interfere as against a former, even before judgment, are very few indeed, and while it may be true that the exact limit of interference is not definitely fixed, it is at least well settled that they can take no advantage of mere irregularities, although they may be such as would furnish good ground for objection on the part of the defendant. On this point the language of the court in *Ward v. Howard*, 12 Ohio State, 158, is so appropriate that we cannot do better than to quote a single paragraph,

wherein it is said: "It can with no propriety be claimed that a subsequent attaching creditor is entitled to the same latitude of objection to the proceedings of a prior attaching creditor as the defendant in the action. On the contrary, anything may be waived by the defendant which is substantially no injustice to the other creditors, or is not intended to guard their rights. They can take no advantage of what may be properly regarded as informalities or irregularities in the proceedings, though constituting good ground for objection on the part of the defendant. The objections, therefore, that a proper undertaking was not executed, and that the facts were defectively stated in the affidavit, were properly overruled by the court. But the case must be one in which the law allows an attachment. If it be not, the objection of a subsequent attaching creditor stands on a like principle as a want of jurisdiction, and would be equally available as collusion or fraud."

The order of the district court being in full accord with these views must be affirmed.

ORDER AFFIRMED.