KANSAS & C. P. R. CO. v. JOHN FITZGERALD ET AL.

[FILED OCTOBER 7, 1891.]

1. Intervenors: MUST HAVE DIRECT INTEREST IN RESULT OF SUIT. To entitle a party to intervene in an action he must have a direct interest in or lien upon the matter in controversy in the suit. A mere creditor, although he may have an indirect interest in the result of the action, has no right to intervene therein.

2. ————: PETITION: MERE EPITHETS and charges of fraud, etc., without stating facts showing fraud, do not form a basis for a court of equity to grant relief from the alleged fraud.

ERROR to the district court for Lancaster county. Tried below before TIBBETS, J.

*B. P. Waggener, J. L. Webster,* and *A. R. Talbot,* for plaintiffs in error.

*T. M. Marquett, contra.*

MAXWELL, J.

In May, 1891, John Fitzgerald on his own behalf and that of other stockholders of the Mallory Construction Company, brought an action in the district court of Lancaster county against the defendants, the prayer of the petition being:

"Complainant further prays that the Missouri Pacific Railway Company may be enjoined from prosecuting in any other state.    This suit was commenced in order to make a record or to obtain a judgment or decree as to the accounts between the Missouri Pacific Railway Company and the construction company, so as to plead in this case; that she be enjoined from prosecuting the suits of Briggs, Receiver, v. Missouri Pacific, the suit commenced in Atchison, Kansas, and is now pending there, and which suit was instigated by the Missouri Pacific; that the said Missouri Pacific may be enjoined from in any way intermeddling with the funds of the said construction company; that the said Missouri Pacific Railway Company be required to make a full answer to this bill of complaint, but not under oath, the same being made under oath being expressly waived, and further prays that there may be had between the Missouri Pacific Railway Company and the Fitzgerald & Mallory Construction Company a fair accounting of their transactions, and that the said Missouri Pacific be required in said accounting to account for all damages caused by the willful violation of her contract with the said construction company, and for all fraud committed by her agents which caused damages to said construction company, and to account for all moneys justly due from said railroad company to said construction company, and shall be required to pay over any and all moneys due from said Missouri Pacific Railway Company to said construction company, which said moneys are to remain under the instructions of the court.

"That inasmuch as the Missouri Pacific, by electing its own directors as directors of the Fitzgerald & Mallory Construction Company, that said directors have incapacitated themselves to act for the construction company; therefore this court is asked to appoint a receiver, and to appoint the receiver now appointed by the district court of Sheridan county, Iowa, whose duty it is to wind up and

pay the debts of the construction company, in order and to the end that whatever sums of money may be due the construction company from the Missouri Pacific may be properly paid out, first, to the creditors of the construction company and costs of this suit; secondly, to be paid to the stockholders, *pro rata*, according to the number of stocks that they hold.

"That inasmuch as all parties desire the winding up of the business of the construction company, that such moneys as shall be due from the said Missouri Pacific Railway Company on final accounting be held by this court for that purpose; that he may be reimbursed for all costs and for all attorneys' fees in this and other suits which, by the willful violation of the said Missouri Pacific Railway Company, he is being obliged to pay out; and for such other and further relief as in equity may be deemed just and right as between the said two companies."

The Missouri Pacific Railway company answered this petition.

On the 20th of June, 1891, the Denver, Memphis & Atlantic Railway Company filed a petition to intervene in the action and set out a copy of the contract, as follows:

"This agreement, made this 28th day of April, 1886, by and between the Fitzgerald & Mallory Construction Company, of the state of Iowa, party of the first part, and the Denver, Memphis & Atlantic Railway Company, a corporation organized under the laws of the state of Kansas, party of the second part,

"Witnesseth: Now therefore it is agreed between the parties hereto as follows:

"The party of the first part agrees to furnish the material and money and construct, as rapidly as may be determined from time to time between the parties hereto, a line of railroad from the east line of Kansas to the west line thereof, and equip the same as the same may be hereafter located.

"To properly grade the line according to the engineer's survey of the same, and to furnish oak ties on curves, not less than 2,600 to the mile, and steel of not less than fifty-six pounds to the yard.

"To build such depots and stations as may be determined upon by the party of the second part; to build all necessary sidings or turn-outs, and, generally, to construct the same equal to the railroads now being built in southern Kansas.

"And upon the completion thereof to equip the same with, at the least, $1,000 of rolling stock per mile.

"In consideration thereof, and in payment therefor, the party of the second part agrees to pay to the party of the first part $16,000 per mile of its full paid capital stock for every mile of completed road to be constructed, and $16,000 per mile in the first mortgage bonds per mile of simple track of said road; said bonds to be of the denomination of $1,000 each, or of such denominations as may be agreed upon by the parties hereto and bearing interest at the rate of six per cent per annum, payable in the city of New York and state of New York, where the principal is also payable. Said bonds to be issued for the construction of said road under this contract shall be dated July 1, 1888, and run thirty years from date, and to be secured by trust deed of even date herewith, duly executed by the party of the second part to the Farmers Loan & Trust Company therein named, on the aforesaid line and branches thereof.

"The said Denver, Memphis & Atlantic Railway Company hereby agrees to issue and deliver to said party of the first part the said stock and bonds at the rate hereinbefore set forth at such times and in such settlement as the said Fitzgerald & Mallory Construction Company require in order to obtain the money necessary to perform this contract.

"And also to deliver to said first party all municipal and

county bonds voted and to be voted in aid of said railway, and all donations thereto as soon as earned and delivered to said second party, and said Fitzgerald & Mallory Construction Company covenants and agrees to proceed forthwith in the execution of this agreement and to construct said line as rapidly as possible according to the surveys now made or to be hereafter determined upon, and said party of the second part agrees to procure, or cause to be procured, the right of way for said line of railroad at the proper times, in advance of the work, so as not to impede or delay construction, which right of way shall be paid for by said construction company.

"In witness whereof, the said Fitzgerald & Mallory Construction Company, by their president, has hereunto set their hands and seal, and said party of the second part has caused its corporate name to be signed by its president and its corporate seal to be attached by the secretary the day and year first above written. Executed in duplicate." Which contract was duly signed.

This motion was overruled, the order being as follows:

"The Denver, A. & M. Co. claims to be a creditor of the defendant, the construction company, an issue not yet adjudicated; plaintiff sues for an accounting upon a contract between the defendants as a stockholder, alleging that for various accounts the railway company is debtor to the construction company in the sum of $1,500,000. The railway company denies that it is indebted to the construction company in any sum whatever. In the determination of the issues joined herein the intervenor is not a necessary party nor a proper party, and its application to intervene is denied and its motion therefore overruled, to which it duly excepts.

On the 3d of July, 1891, the district court not being in session, the Kansas & Colorado Pacific Railway Company filed in the district court of Lancaster county a petition to intervene in the case. This petition, accompanied with the

above contract, on the motion of Fitzgerald's attorneys, was stricken from the files.

The attorneys for the proposed intervenor thereupon moved to strike the previous order of the judge overruling the motion of the Denver, Memphis, etc., Railway Company to intervene, which motion was overruled and the court refused to permit the plaintiff herein to intervene. These rulings are now assigned for error.

To authorize a party to intervene he must have an interest of such a direct and immediate character that he will either gain or lose by the direct legal operation of and effect of the judgment. This interest must be one arising from a claim to the subject-matter of the action or some part thereof, or a lien upon the property or some part thereof. A mere creditor has no right to intervene in an action, although he may have an indirect interest in the result of the suit. (*Gasquet v. Johnson*, 1 La. R., 425; *Horn v. Volcano, etc., Co.*, 13 Cal., 62; *Bronson v. La Cross R. Co.*, 2 Black [U. S.], 524; *Welborn v. Eskey*, 25 Neb., 194.) The petition for intervention, while it contains many epithets and assertions of fraud, yet it fails to set forth any facts showing such fraud or that the proposed intervenor is more than a creditor. This being the case, the proposed intervenor is interested only in the assets of the debtor, and after the rendition of judgment, if one should be rendered in favor of the defendant, may apply in some of the modes provided by law for the application of sufficient to pay his claim, or if there is not sufficient to pay the same in full, then for a *pro rata* share thereof.

There was no error committed in overruling the petition to intervene, and the judgment of the court below is

AFFIRMED.

THE other judges concur.