DEERE, WELLS & COMPANY V. EAGLE MANUFACTURING COMPANY ET AL.

FILED OCTOBER 7, 1896. No. 6683.

1. **Review:** INTERVENTION: DENIAL OF RIGHT: NEW TRIAL. A motion for a new trial is not necessary to obtain a review, on error, of an order refusing to permit a third person to intervene in an action, such refusal being based on a consideration of the petition alone, without issues joined or trial.

29

2. **Attachment**: PRIORITY OF LIENS: INTERVENTION. Writs of attachment having been levied in different actions on the same property, the plaintiff in the later case may intervene in the earlier case on proper showing, not to defend the principal action or to move to discharge the attachment, but to have the relative priority of the levies adjudicated.

3. ———: PROCEDURE: WAIVER. While the defendant in an attachment case may waive mere irregularities, he cannot, as against junior attaching creditors, waive a substantial departure from the mode prescribed by law for giving effect to the attachment, nor can he waive defects which prejudice the substantive rights of such creditors.

4. **Suit on Claim Not Due**: ATTACHMENT. The institution of an action before the claim is due, and the issuing and levying of an attachment without obtaining an order therefor from a court or judge authorized to issue the same, is a substantial defect of which junior attaching creditors may take advantage.

ERROR from the district court of Madison county. Tried below before ALLEN, J.

*Campbell & Wallis* and *Harl & McCabe*, for plaintiff in error.

References: *Osborn v. Moncure*, 3 Wend. [N. Y.], 170; *Hartley v. Case*, 1 Car. & P. [Eng.], 555; *Davis v. Eppinger*, 18 Cal., 379; *Matthews v. Densmore*, 43 Mich., 461; *Kansas & C. P. R. Co. v. Fitzgerald*, 33 Neb., 137; *Swift v. Crocker*, 21 Pick. [Mass.], 241; *Harris v. Tenney*, 20 S. W. Rep. [Tex.], 82; *Claflin v. Feibleman*, 10 So. Rep. [La.], 862; *Speyer v. Ihmels*, 21 Cal., 280; *Horn v. Volcano Water Co.*, 13 Cal., 62; *New Orleans Canal & Banking Co. v. Beard*, 16 La. Ann., 345; *Jacobs v. Hogan*, 85 N. Y., 243; *New Orleans Canal & Banking Co. v. Stafford*, 12 How. [U. S.], 450; *Freeman v. Howe*, 24 How. [U. S.], 450; *Buck v. Colbath*, 3 Wall. [U. S.], 334.

*Willis E. Reed, contra.*

References: *Harrison v. King*, 9 O. St., 388; *Ward v. Howard*, 12 O. St., 158; *Rudolph v. McDonald*, 6 Neb., 164; *Ashton v. Jones*, 14 Neb., 429; *Lunt v. Adams*, 17 Me., 230; *Veazie Bank v. Winn*, 40 Me., 62; *Staples v. Franklin Bank*,

1 Met. [Mass.], 43; *Levy v. Millman*, 7 Ga., 167; *Danforth v. Carter*, 1 Ia., 546.

IRVINE, C.

The Eagle Manufacturing Company originally brought this action against Hollingshead & Young to recover on certain promissory notes. At the commencement of the action a writ of attachment was issued and levied on property of defendants. Hollingshead & Young in the first place filed an answer denying that any of the notes was due at the commencement of the action. They subsequently, however, withdrew this answer and entered into a stipulation whereby the plaintiff was permitted to take judgment. The day this stipulation was filed Deere, Wells & Co. filed a petition of intervention, alleging that they had commenced certain actions against Hollingshead & Young and caused attachments to be levied upon a portion of the property held under the plaintiff's writ. They furthermore alleged that no part of plaintiff's claim was due when plaintiff's attachment was issued and no order of attachment had been made or allowed by any judge or court; wherefore they claimed that the attachment of the plaintiff was void as against them. The prayer was that their liens be adjudged superior to that of plaintiff, that the plaintiff's attachment be dissolved, and they permitted to defend. The court denied their application to intervene, and from this order they prosecute error.

It is contended that they cannot be heard because their motion for a new trial was overruled with their own consent and was overruled in vacation. The first point is wholly without merit. The record shows not that the motion was overruled by consent of the intervenors, but that it was submitted in vacation with their consent and was by the court overruled. But the point is not material, because in such a case a motion for a new trial is not necessary. No trial was had. The court denied the intervenors the right to be heard in the action.

The order was the same in effect as if a demurrer to a petition had been sustained and the action dismissed. No motion for a new trial is necessary to obtain a review of such an order. (*O'Donohue v. Hendrix*, 13 Neb., 255.)

On the right to intervene the following statutory provisions demand consideration: Section 50*a* of the Code of Civil Procedure (Session Laws, 1887, p. 655, ch. 100, sec. 2) provides as follows: "Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the state of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences." Section 50*c* (Session Laws, 1887, p. 656, ch. 100, sec. 4) is as follows: "The intervention shall be by petition, which must set forth the facts upon which the intervention rests, and all the pleadings therein shall be governed by the same rules as obtain in regard to other pleadings provided for by the code. But if such petition is filed during term, the court shall direct the time in which answers thereto shall be filed." Section 232 is as follows: "Where several attachments are executed on the same property, or the same persons are made garnishees, the court, on the motion of any of the plaintiffs, may order a reference to ascertain and report the amounts and priorities of the several attachments." It would seem from these provisions that a second attaching creditor has such an interest in the disposition of the attached property as to secure him a hearing in some manner and at some stage of the proceedings. Unfortunately the adjudicated cases tell us more frequently what is not the proper time or the proper procedure than what is.

In *Rudolf v. McDonald*, 6 Neb., 163, a case decided prior to the intervention act already cited, it was held that objections to the form of the affidavit could not be taken advantage of by a subsequent attaching creditor after judgment. This was clearly right. The objection was technical merely, was one which the defendant could waive, it was not made until after judgment, when it was too late for the defendant to move to discharge the attachment, and it related to a matter which in nowise affected the substantive rights of junior creditors.

In *Kansas & C. P. R. Co. v. Fitzgerald*, 33 Neb., 137, it was merely held that a general creditor has no such interest as to give him a right to intervene.

Ohio has a statute similar to section 232 of our Code. In *Harrison v. King*, 9 O. St., 388, a third person asked to be made a defendant on the ground that he had procured an attachment to be levied on the same property; that the plaintiff's claim would exhaust the property and that there was a valid defense to the claim of plaintiff, the nature of which he did not disclose. It was held that the intervenor was properly dismissed from the action. It was said that other creditors having orders of attachment levied upon the property must be heard as to any question of priority in the satisfaction of their respective judgments, and that such questions could be properly settled upon motion. In view of this statement we think the action of the court must have been based on the ground that the intervenor was attempting to defend the main action and that he had no right to do so; and not upon the ground that he had no right, on application, to have his priority determined. It will be observed that his application did not attack the validity of the attachment proceedings. Neither did he charge collusion or fraud between the plaintiff and defendant to procure the attachment or to bring about a judgment, and he did not even disclose a defense.

In *Ward v. Howard*, 12 O. St., 158, a subsequent attaching creditor had intervened and moved to discharge the

attachment.    It was held error to permit him to do so, because his rights were not so broad as those of the defendant, and he could not assail the attachment for mere irregularities.    But again in that case it was recognized that in some manner and at some stage of the proceedings other attaching creditors have a right to contest the priority of the attachment.    It was suggested that ordinarily such a contest should not be permitted until by judgment the different creditors have established their rights against the debtor; but it was added that cases may properly arise requiring the claim or priority of some party to be adjudged anterior to his judgment against the defendant.    In some states the right of intervention is in such a case specially guaranteed by statute. The necessity of some means whereby in a summary manner the conflicting claims of the different attachment creditors may be determined, and fraud, collusion, and abuse of process frustrated; and the fact that the courts in general have permitted such summary remedies to be pursued is well stated and illustrated in Drake on Attachment, section 272, *et seq.*

In determining the question here presented we must bear in mind that the attachment is a proceeding ancillary to the principal action.    With the latter strangers to the action have no concern.    In the attachment, however, strangers having an interest in the property, or a lien thereon, may be vitally interested.    Such a stranger should not be permitted to interfere with the rights of the parties to prosecute and defend the principal action. When their interests require they must be permitted in a proper manner to assert their claim to the property attached.    Again, as held in *Ward v. Howard* and in *Rudolf v. McDonald, supra,* the right of a subsequent attaching creditor to oppose a prior attachment is not so broad as that of the defendant.    Mere irregularities, which do not affect the substantive rights of other creditors, the defendant may waive.    It is different, however, when such substantive rights are affected by the prior attach-

ment or by the acts of the defendant. It is universally held that subsequent attaching creditors may have relief against a prior attachment procured by fraud or collusion with the defendant; and it is also the rule that while the defendant may waive mere irregularities, he may not as against other creditors waive substantial departures from the legal mode prescribed for enabling a party to obtain the benefit of an attachment. (Drake, Attachment, section 262.) It is clear on principle that the institution of an action before the claim is due, without pursuing substantially the steps provided by law in such a case, operates to secure an undue preference over creditors who proceed regularly. If, as was here alleged, the action was brought before the claim was due, and the attachment levied without any order of a court or judge allowing the writ to issue, this was more than a mere irregularity in the proceeding; it was a substantial defect to the prejudice of intervenors' rights. (*Swift v. Crocker*, 21 Pick. [Mass.], 241; *Davis v. Eppinger*, 18 Cal., 379.)

The right of intervenors to assert the priority of their claim and establish it as against the plaintiff is therefore clear. The only question is as to the procedure for that purpose. It may be that an independent action would lie. Many cases so hold. But we do not think that such a course was necessary. As shown in the passage cited from Drake on Attachment, the policy of the courts has generally been to permit a more direct and speedy adjudication of conflicting claims. Section 232 of the Code expressly recognizes such direct procedure. It would seem from that section that the application should be by motion. If so, it must be in some of the attachment cases, and if in any, it is clearly most properly in that in which the property was first seized or in that whose priority is attacked. Determined by either rule this is in this instance the proper case in which to make the application. It is true that the intervenor here styles his pleading, not a motion, but a petition of intervention. The name he gives it is not, however, material. It al-

leges facts sufficient to call into action the power of the court, by a reference or othewise, to determine the question of priority; and it is therefore a sufficient application for that purpose. It is true that the intervenors prayed for a dissolution of the attachment and permission to defend the action; and that they had no right either to defend the action, as such, or to insist on an absolute discharge of the attachment. There was, however, a prayer to have the intervenors' lien adjudged superior to that of plaintiff. This was a proper prayer, and the fact that too much was asked did not justify the district court in denying what the intervenors were entitled to. The judgment of the district court is reversed and the cause remanded with instructions to proceed upon intervenors' application to determine the priorities.

REVERSED AND REMANDED.