Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/06/2024 09:08 AM CST

- 138 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
JENNINGS PLANT SERVS. v. ELLERBROCK-NORRIS AGENCY
Cite as 318 Neb. 138

Jennings Plant Services, LLC, et al., appellees, v.
Ellerbrock-Norris Agency, Inc., a Nebraska
corporation, and Elliot Bassett, CPCU, an
individual, appellees, and Kacey Kimbrough,
Special Administrator of the Estate
of Shawn Thomas Kimbrough,
intervenor-appellant.

___ N.W.3d ___

Filed December 6, 2024.    No. S-23-989.

1. **Interventions.** Whether a party may intervene in a proceeding pursuant to Neb. Rev. Stat. § 25-328 (Reissue 2016) is a question of law.
2. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.
3. **Interventions: Pleadings.** For purposes of ruling on a motion for leave to intervene, a court must assume that the intervenor's factual allegations set forth in the complaint are true.
4. **Interventions: Jurisdiction: Equity.** A court with equitable jurisdiction may allow persons to intervene as a matter of equity in a proper case.
5. **Interventions: Pleadings.** A court may make a preliminary determination whether the complaint in intervention brought pursuant to Neb. Rev. Stat. § 25-328 (Reissue 2016) sufficiently alleges the requisite interest.
6. ____: ____. A court has authority to exclude from the case an intervenor whose pleadings do not disclose a direct interest in the matter in litigation.
7. **Interventions.** As a prerequisite to intervention, the intervenor must have a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment which the court may render in the action.
8. ____. An indirect, remote, or conjectural interest in the result of the suit is not enough to permit intervention.

- 139 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
JENNINGS PLANT SERVS. v. ELLERBROCK-NORRIS AGENCY
Cite as 318 Neb. 138

9. **Interventions: Pleadings.** A prospective intervenor can raise his or her claims or defenses, but those claims or defenses must involve the same core issue as the claims between the existing parties.

10. **Interventions: Pleadings: Standing.** The intervenor must plead some interest in the subject matter of the litigation to give him or her standing in court, describing the ultimate facts evidencing the intervenor's interest in the matter of litigation; otherwise, the intervenor is a mere interloper and wholly incompetent to challenge the contentions of the opposing parties.

11. **Claims: Assignments.** There is a distinction between the assignment of a claim and the assignment of the proceeds of a claim.

12. ____: ____. The assignment of the proceeds of a claim does not give the assignee control of the case.

13. **Actions: Interventions.** An intervenor cannot generally change the nature and form of the action, or the issues presented therein.

14. **Actions: Interventions: Debtors and Creditors.** A mere creditor has no right to intervene in an action, although the creditor may have an indirect interest in the result of the suit.

Appeal from the District Court for Washington County, John E. Samson, Judge. Affirmed.

Linsey Moran Bryant, of Sidner Law, and Andrew S. Buchanan and James V. O'Brien, of Buchanan, Williams & O'Brien, P.C., pro hac vice, for appellant.

Cathy S. Trent-Vilim, Patrick Vipond, and Sean A. Minahan, of Lamson, Dugan & Murray, L.L.P., for appellees Ellerbrock-Norris Agency, Inc., and Elliot Bassett.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.
### NATURE OF CASE
Kacey Kimbrough (Kimbrough), special administrator of the estate of Shawn Thomas Kimbrough, filed an amended motion and complaint to intervene in this underlying state lawsuit pending in the district court for Washington County. The lawsuit was brought by Jennings Plant Services, LLC; Spencer

Jennings; and Tarin Jennings (collectively Jennings) against the Ellerbrock-Norris Agency, Inc., and chartered property casualty underwriter Elliot Bassett (collectively Ellerbrock-Norris). The underlying lawsuit involves an alleged breach of duty by Ellerbrock-Norris based on its alleged failure to give competent insurance advice to Jennings regarding a vehicle owned by Jennings Plant Services. The subject vehicle was involved in a collision that killed Shawn Kimbrough, and Kimbrough obtained a judgment of $5,436,266.87 against Jennings in a federal wrongful death case.

Kimbrough's motion to intervene was based on statutory intervention pursuant to Neb. Rev. Stat. § 25-328 (Reissue 2016), which generally permits intervention where the proposed intervenor has "an interest in the matter in litigation" such as we have described in case law. On November 30, 2023, the district court denied Kimbrough's motion to intervene; Kimbrough appeals. We affirm.

## STATEMENT OF FACTS

Jennings Plant Services is a Nebraska limited liability company based out of Washington County, Nebraska. It performs industrial welding and plant maintenance services. Spencer Jennings is the sole member of the limited liability company. Tarin Jennings is the spouse of Spencer Jennings.

Jennings Plant Services used Ellerbrock-Norris' insurance brokerage services. At Jennings' request, Ellerbrock-Norris procured two separate policies in April 2019. The first was a commercial automobile liability policy, and the second was a commercial umbrella liability policy. The commercial automobile policy included coverage limited to "Hired/Non-Owned" vehicles only, meaning that it provided coverage for any vehicle operated by Jennings Plant Services that it did not own, but did not provide coverage for vehicles owned by Jennings Plant Services.

Jennings Plant Services purchased a Ford F-150 truck (F-150) in late 2019. In 2020, an on-duty Jennings Plant

- 141 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
318 NEBRASKA REPORTS
JENNINGS PLANT SERVS. v. ELLERBROCK-NORRIS AGENCY
Cite as 318 Neb. 138

Services employee was driving the F-150 when he crossed the centerline of a highway and struck a vehicle driven by Shawn Kimbrough. Shawn Kimbrough died from injuries he sustained in the collision.

*Federal Wrongful Death Case.*

Kimbrough brought a wrongful death action against Jennings Plant Services and the driver of the F-150 in the U.S. District Court for the District of Nebraska, which action was docketed as case No. 8:21CV35 (federal case).

Jennings Plant Services sought coverage from its insurer against the claims in the federal case but was denied coverage because the F-150 was not a covered vehicle under the policies of insurance. Kimbrough alleges in her motion to intervene that as partial settlement of the federal case, Jennings had assigned to Kimbrough "a right to 85% of any proceeds resulting from" Jennings' underlying state claim against Ellerbrock-Norris.

After the district court's order denying intervention, the federal court in the wrongful death case entered judgment on December 12, 2023, in the amount of $5,436,266.87 in favor of Kimbrough and against Jennings Plant Services.

*This Underlying State Insurance Procurement Case.*

The underlying case between Jennings and Ellerbrock-Norris that gives rise to this appeal centers on whether Ellerbrock-Norris failed to provide competent advice to Jennings with respect to procurement of insurance coverage for the F-150 involved in the collision. Jennings alleged that Ellerbrock-Norris had recommended liability coverage for "non-owned" company vehicles but failed to advise Jennings to procure insurance for "owned" company vehicles. Jennings further alleged that Ellerbrock-Norris advised Jennings not to add the F-150 to the commercial insurance policies. Jennings claimed that this advice breached a duty owed Jennings; that Jennings relied on the advice; and that Jennings suffered damages, including the cost to defend the federal case and any potential judgment against Jennings Plant Services therein.

- 142 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
JENNINGS PLANT SERVS. v. ELLERBROCK-NORRIS AGENCY
Cite as 318 Neb. 138

Kimbrough moved to intervene in the underlying case under § 25-328, which in part allows intervention by "[a]ny person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending." Kimbrough asserted that her interest in a percentage of any proceeds of Jennings' claim if it were successful was a sufficient interest in the underlying case to warrant intervention.

The district court denied Kimbrough's motion to intervene. The district court noted that Jennings had assigned Kimbrough a right to a portion of "'any proceeds'" resulting from the state court lawsuit, but did not assign a "claim" Jennings may have against Ellerbrock-Norris. (Emphasis omitted.) The district court found that Kimbrough had no direct cause of action against either Jennings or Ellerbrock-Norris and no "legal interest" in the subject matter of the underlying litigation. The district court denied Kimbrough's motion to intervene.

Kimbrough appeals.

## ASSIGNMENT OF ERROR

Kimbrough assigns that the district court erred when it denied her motion to intervene brought pursuant to § 25-328.

## STANDARDS OF REVIEW

[1,2] Whether a party may intervene in a proceeding pursuant to § 25-328 is a question of law. See *Harchelroad v. Harchelroad*, 315 Neb. 351, 996 N.W.2d 263 (2023). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. See *id*.

[3] For purposes of ruling on a motion for leave to intervene, a court must assume that the intervenor's factual allegations set forth in the complaint are true. *Id*.

## ANALYSIS

Kimbrough appeals from the district court's order that denied her motion to intervene in the underlying action

- 143 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
318 NEBRASKA REPORTS
JENNINGS PLANT SERVS. v. ELLERBROCK-NORRIS AGENCY
Cite as 318 Neb. 138

concerning whether Ellerbrock-Norris negligently failed to provide competent advice and procure coverage on a vehicle owned by Jennings Plant Services. Because we conclude that Kimbrough's alleged interest in this matter was indirect, she was not entitled to intervene pursuant to § 25-328. We affirm the order of the district court.

*Intervention Under § 25-328.*

[4] As an initial matter, we note that Kimbrough sought to intervene solely on a statutory basis pursuant to § 25-328. Intervention under § 25-328 is a creature of statute. See, *Carroll v. Gould*, 308 Neb. 12, 952 N.W.2d 1 (2020); *Ruzicka v. Ruzicka*, 262 Neb. 824, 635 N.W.2d 528 (2001). Although a court with equitable jurisdiction may allow persons to intervene as a matter of equity in a proper case, see *Harchelroad v. Harchelroad, supra*, and *In re Interest of Enyce J. & Eternity M.*, 291 Neb. 965, 870 N.W.2d 413 (2015), the intervention in this case was sought pursuant to statute prior to trial and the issues in this case are circumscribed by the pleadings and assignment of error on appeal and thus governed by the intervention statutes.

Neb. Rev. Stat. § 25-330 (Reissue 2016) provides:

The intervention shall be by complaint, which shall set forth the facts on which the intervention rests, and all the pleadings therein shall be governed by the same rules as other pleadings provided for in Chapter 25. If such complaint is filed during term, the court shall direct the time in which answers thereto shall be filed.

Under § 25-328, a person who claims an interest in the matter may become a party before trial commences:

Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the State of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting

- 144 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
JENNINGS PLANT SERVS. v. ELLERBROCK-NORRIS AGENCY
Cite as 318 Neb. 138

with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences.

[5,6] We have observed that the court may make a preliminary determination whether the complaint in intervention sufficiently alleges the requisite interest. See, e.g., *Carroll v. Gould, supra*. A court has authority to exclude from the case an intervenor whose pleadings do not disclose a direct interest in the matter in litigation. *Id.*; *Kirchner v. Gast*, 169 Neb. 404, 100 N.W.2d 65 (1959). But when making such a determination on the pleadings alone, a court must assume that the intervenor's factual allegations set forth in the complaint are true.

*Sufficient Legal Interest to Intervene.*

[7,8] As a prerequisite to intervention, the intervenor must have a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment which the court may render in the action. *In re Adoption of Faith F.*, 313 Neb. 491, 984 N.W.2d 640 (2023); *Carroll v. Gould, supra*. An indirect, remote, or conjectural interest in the result of the suit is not enough to permit intervention. See, *Carroll v. Gould, supra*; *Gilbert v. First National Bank*, 154 Neb. 404, 48 N.W.2d 401 (1951). A party with a claim that simply arises out of the same facts as the claims at issue in the litigation does not have a sufficient legal interest to support intervention. See *Wayne L. Ryan Revocable Trust v. Ryan*, 297 Neb. 761, 901 N.W.2d 671 (2017).

[9,10] A prospective intervenor can raise his or her claims or defenses, but those claims or defenses must involve the same core issue as the claims between the existing parties. *Carroll v. Gould*, 308 Neb. 12, 22, 952 N.W.2d 1, 9 (2020). To permit intervention, the prospective intervenor must add something meaningful to the ultimate resolution of the litigation. See John P. Lenich, Nebraska Civil Procedure § 16:6 (2024). For a court to permit intervention, we have said that

- 145 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
JENNINGS PLANT SERVS. v. ELLERBROCK-NORRIS AGENCY
Cite as 318 Neb. 138

the intervenor must plead some interest in the subject matter of the litigation to give him or her standing in court, describing the ultimate facts evidencing the intervenor's interest in the matter of litigation; otherwise, the intervenor is a mere interloper and wholly incompetent to challenge the contentions of the opposing parties.

*Carroll v. Gould*, 308 Neb. at 22-23, 952 N.W.2d at 9.

Long ago, we said:

To authorize a party to intervene he must have an interest of such a direct and immediate character that he will either gain or lose by the direct legal operation of and effect of the judgment. This interest must be one arising from a claim to the subject-matter of the action or some part thereof, or a lien upon the property or some part thereof. A mere creditor has no right to intervene in an action, although he may have an indirect interest in the result of the suit. (*Gasquet v. Johnson*, 1 La. R. 425; *Horn v. Volcano, etc., Co.*, 13 Cal., 62; *Bronson v. La Cross R. Co.*, [67 U.S. 524,] 2 Black [U. S.], 524; *Welborn v. Eskey*, 25 Neb., 19[3]. The petition for intervention [in this case] fails to set forth . . . that the proposed intervenor is more than a creditor. This being the case, the proposed intervenor is interested only in the assets of the debtor, and after the rendition of the judgment, if one should be rendered in favor of the defendant, may apply in some of the modes provided by law for the application of sufficient [sic] to pay his claim, or if there is not sufficient [sic] to pay the same in full, then for a *pro rata* share thereof.

*K. & C. P. R. Co. v. Fitzgerald*, 33 Neb. 137, 142, 49 N.W. 1100, 1101 (1891).

We have observed that although a creditor may have an indirect interest in the result of an action, he or she has no right to intervene. *Drainage District v. Kirkpatrick-Pettis Co.*, 140 Neb. 530, 300 N.W. 582 (1941) (deciding case under Comp. Stat. § 20-328 (1929)). It has generally been recognized

- 146 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
318 NEBRASKA REPORTS
JENNINGS PLANT SERVS. v. ELLERBROCK-NORRIS AGENCY
Cite as 318 Neb. 138

under a variety of procedural provisions that an economic interest in the outcome of the litigation is not sufficient to warrant intervention by a nonparty. See 67A C.J.S. *Parties* § 101 (2023). See, e.g., *Curry v. Regents of University of Minnesota*, 167 F.3d 420 (8th Cir. 1999); *Manning v. Jaeger*, 964 N.W.2d 522 (N.D. 2021); *Travelers Ins. Co. v. Bagwell*, 116 Ga. App. 675, 158 S.E.2d 267 (1967). See, also, e.g., *Brown v. Brink*, 57 Neb. 606, 78 N.W. 280 (1899) (stating that creditors may not ordinarily intervene).

In contrast, an interest has been found sufficient when the potential intervenor has an interest in the property or object that is the subject of the litigation, such as real property, *Ruzicka v. Ruzicka*, 262 Neb. 824, 635 N.W.2d 528 (2001); a residuary beneficiary's interest in damages asserted by decedent's estate, *Harchelroad v. Harchelroad*, 315 Neb. 351, 996 N.W.2d 263 (2023); holding of a lien on judgment, *Montgomery v. Dresher*, 97 Neb. 112, 149 N.W. 314 (1914); and grandparents' rights recognized in statute, *In re Interest of Kayle C. & Kylee C.*, 253 Neb. 685, 574 N.W.2d 473 (1998).

*Kimbrough's Interest in the Underlying State Claim*
*Is Not Sufficient to Intervene.*

Kimbrough claims that she has a direct and legal interest in the subject of the litigation. Given the allegations in the proposed complaint, we determine that she does not have a direct and legal interest in the subject of this litigation between Jennings and Ellerbrock-Norris.

[11,12] Kimbrough alleged in her motion and complaint that she had been assigned a percentage of Jennings' proceeds that might result from the underlying case. However, the law recognizes that "'[t]here is a distinction between the assignment of a claim . . . and the assignment of the proceeds of . . . a claim.'" *Mutual of Omaha Bank v. Kassebaum*, 283 Neb. 952, 958, 814 N.W.2d 731, 736 (2012). The assignment of the proceeds of a claim does not give the assignee control of the case. *Id.*

- 147 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
JENNINGS PLANT SERVS. v. ELLERBROCK-NORRIS AGENCY
Cite as 318 Neb. 138

[13] The core issue between the parties in this case concerns whether Ellerbrock-Norris breached its duties in the procurement of insurance for a vehicle owned by a business. Jennings' claims in the underlying case arise from Jennings' relationships and dealings with Ellerbrock-Norris vis-a-vis insurance brokerage services. Kimbrough has alleged no claim or defense against any plaintiff or defendant related to the subject matter of this dispute. She has not alleged direct knowledge of the facts giving rise to the dispute between Jennings and Ellerbrock-Norris. As the matter is currently pled, Kimbrough claims a right only "in the success of [Jennings]." An intervenor cannot generally change the nature and form of the action, or the issues presented therein. See *Arnold v. Arnold*, 214 Neb. 39, 332 N.W.2d 672 (1983). She does not claim to be an insured under either of the insurance policies, and she had no direct involvement in the procurement process. It is not likely she will add "something meaningful to the ultimate resolution of the litigation." See John P. Lenich, Nebraska Civil Procedure § 16:6 at 795 (2024).

[14] Kimbrough's objective in potentially seeking proceeds from Jennings if Jennings wins a judgment is too attenuated to constitute a direct interest in the litigation. "A mere creditor has no right to intervene in an action, although he may have an indirect interest in the result of the suit." *K. & C. P. R. Co. v. Fitzgerald*, 33 Neb. 137, 142, 49 N.W. 1100, 1101 (1891). Because Kimbrough lacks sufficient direct and legal interest in the underlying case to intervene under § 25-328, the district court did not err when it denied the motion to intervene.

## CONCLUSION

Kimbrough's motion and complaint in intervention did not allege sufficient facts under § 25-328 to entitle Kimbrough to intervene in the underlying litigation. The district court did not err when it denied the motion for leave to intervene. We affirm.

Affirmed.

Heavican, C.J., not participating in the decision.