25   193
33   142

25   193
56   134

JOHN W. WELBORN ET AL., PLAINTIFFS IN ERROR, V. FRANKLIN W. ESKEY, DEFENDANT IN ERROR.

1. **Parties:** INTERVENTION. A mere general creditor of a debtor, having no claim or interest in the goods, cannot intervene in an action between lien holders or owners of the goods.

2. ———: ———. Where the petition for intervention states no fact entitling the proposed intervenor to become a party to the suit, the failure of the court to rule upon such petition, although erroneous, will not justify the reversal of the judgment.

3. **Practice in Supreme Court.** Where none of the evidence produced on the trial is preserved in the record, it is impossible to review the facts.

4. **Error** must affirmatively appear in the record to warrant the reversal of a judgment.

ERROR to the district court for Red Willow county. Tried below before COCHRAN, J.

*S. R. Smith*, for plaintiffs in error, cited: Code, Sec. 41. Estee's Pleadings, third edition, Vol. 3, Secs. 4507-4519.

*G. H. Grubb* and *Rittenhouse & Starr*, for defendant in error, cited: *Fritz v. Grosnicklaus*, 20 Neb., 431.

13

MAXWELL, J.

The defendant in error brought an action of replevin against the plaintiffs in error in the county court of Red Willow county, and on the trial judgment was rendered in his favor.    The case was then taken on error to the district court, where the judgment of the county court was affirmed.    The record shows that the VanNatta Lynds Drug Co. was made a defendant in the county court, but there is no evidence of service upon the company.    That company also filed a petition to intervene, the ground of intervention being stated as follows:    "That Franklin W. Eskey is in possession of said stock by virtue of a writ of replevin issued and levied thereon.    That your petitioner has a valid, subsisting, and legal interest in said stock, as a creditor of D. R. White, for the purchase price of said stock, and is entitled to the possession of the same."

The county court treated the action as pending against the drug company, and entered a default against it, and made no ruling on the petition to intervene.    The evidence in the case is exceedingly meagre, and we are left to conjecture in regard to several matters.    We find a large number of affidavits in support of and against the entry by the county judge of a default against the drug company, and the clear weight of the evidence sustains the entry. The county court should have ruled on the petition to intervene, but we know of no case where a mere general creditor, having no claim upon the goods themselves, can intervene.    The petition for intervention, therefore, fails to show any right of the drug company to the possession of the goods.    The failure to rule upon the petition, therefore, was error without prejudice.

2d.    After default was taken against the drug company, witnesses were called to testify in relation to the property, but none of this testimony is preserved in the record,

hence it is impossible for this court, as indeed it must have been for the district court, to determine in whom was the right of possession. Error must affirmatively appear. As there is no error apparent in the record, the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.