MOLINE, MILBURN & STODDARD COMPANY V. SAMUEL
HAMILTON ET AL.

FILED SEPTEMBER 23, 1898. No. 8258.

1. **Replevin: INTERVENTION: FINAL ORDER: APPEAL.** A third person
filed a petition of intervention in a replevin case in the county
court. He obtained leave to do so, but at the time of judgment
his petition was dismissed, after a finding for plaintiff. *Held,*
that this was an adjudication of the merits against him, and he
might appeal from the judgment.

2. **Joint Appellants: QUESTION NOT RAISED BELOW.** An objection that
by the default of one of two joint appellants the appeal failed
as to both, not examined, because preserved only by objecting
to the evidence on the trial.

3. **Intervention: PLEADING.** An intervener must plead some interest
in the subject-matter of the litigation; a mere denial of plaintiff's
right is insufficient to give him a standing in court.

4. ——: ——. An interest in the intervener is a traversable fact,
and in a case appealed from the county court the assertion of
such interest in the petition of intervention in the county court
does not excuse the failure to plead it, and so tender an issue
in the district court.

ERROR from the district court of Douglas county.
Tried below before BLAIR, J. *Reversed.*

*James H. McIntosh,* for plaintiff in error.

*B. N. Robertson, contra.*

IRVINE, C.

The Moline, Milburn & Stoddard Company sued out
from the district court of Douglas county a writ of re-
plevin for certain wagons. The B. N. Ousterhoudt Spring
Wagon Manufacturing Company and Samuel Hamilton
were made defendants. No service was obtained on the
Ousterhoudt Company. The wagons were taken under
the writ from Hamilton and delivered to plaintiff. Gar-
wood P. Butts intervened by petition, asserting a lien as
warehouseman On the trial in the county court there

was a finding for plaintiff, an order dismissing the petition of intervention, and judgment for plaintiff. Hamilton and Butts filed a joint appeal undertaking and took the case to the district court, where the plaintiff filed his petition against the original defendants alone. Hamilton made default. Butts answered the petition by denying all its averments except as to the value of the property. On the trial the plaintiff objected to the introduction of any evidence on behalf of Butts. The objection was overruled. At the close of the evidence the court peremptorily directed a verdict for Butts for the amount which his testimony showed was due him. The plaintiff tendered an instruction that it was entitled to a verdict against Hamilton who had made default. Judgment followed in favor of Butts for a delivery to him of the property or payment of the amount of his claim.

The plaintiff, who brings the case here, asserts that Butts did not become a party, and for that reason should not have been heard. We do not think the record bears that construction. It shows that in the county court Butts was given leave to file his petition of intervention. The order at the time of judgment dismissing it was not a refusal to permit him to be heard, but a final judgment against him on the merits of his claim, from which he had a right to appeal.

It is also argued that, the appeal being joint and Hamilton having made default, the whole appeal fell. We do not consider this, because the question could not be properly raised, as was here attempted, by objection to evidence on the trial. The same is true of the suggestion, which at once occurs, whether a defendant and an intervener claiming distinctly from one another can both obtain the position of appellants under a single undertaking.

The exceptions to the instructions were well taken. Butts' only pleading in the district court was an answer to the petition, in effect a general denial. The petition asserted nothing against him. It alleged that plaintiff

was the owner and entitled to the possession of the chattels and that Hamilton and the Ousterhoudt Company unlawfully detained them. These were the material averments traversed by Butts. Their denial showed no right in the intervener to the property and could not found a judgment for its delivery to him. The defendant in replevin it is true may under a general denial show a special interest in himself where such evidence negatives plaintiff's averment of right of possession and unlawful detention by defendant. But a stranger may not intrude himself into a case without any interest in the subject-matter and defeat plaintiff by denying his right as against the defendant. Much less may such stranger without interest obtain judgment for a delivery to him of the property in litigation merely by disputing plaintiff's right. The first requisite of an intervention is that the intervener show that he claims an interest in the subject-matter of the litigation. (Code of Civil Procedure, sec. 50a.) This is well illustrated by two cases of the same title—*Welborn v. Eskey,* 25 Neb. 193, 25 Neb. 195. Each was replevin, in each there was an intervention, in each the district court had failed to rule on the petition of intervention, and the intervener sought a reversal for that reason. In the latter the judgment was reversed. In the former it was affirmed, for the reason that the petition of intervention showed no interest in the intervener, and the error was therefore without prejudice. The assertion of an interest in the original petition of intervention in the county court was not enough. Under our practice new pleadings are filed on appeal. The allegation of an interest in the intervener was a traversable averment, and the intervener should, by appropriate pleadings, have made the averment in the district court, and so tendered an issue. As the case stood the plaintiff was on the pleadings and proofs entitled to judgment against Hamilton, and Butts had, under his answer, no standing in court.

REVERSED AND REMANDED.