CLARKE v. EUREKA COUNTY BANK (STEINMETZ et al., Interveners).

(Circuit Court, D. Nevada. June 30, 1902.)

No. 728.

1. INTERVENERS—RESIDENCE—AMOUNT OF INTERESTS.

Where the circuit court has jurisdiction over the parties plaintiff and defendant in an action by reason of the diversity of their citizenship, and the amount in controversy, the residence of petitioners in intervention and amount of their interests are immaterial.

2. SAME—ESTATES OF DECEDENTS—SETTLEMENT—JUDGMENT—COLLATERAL ATTACK.

Where by the judgment of a probate court it is determined that an estate is fully settled, and the administratrix is discharged, creditors whose claims were allowed, but not paid, because the estate was insolvent, cannot intervene in an action thereafter brought by the administratrix in her own right to recover property formerly belonging to the deceased, and claimed as her individual property, for the purpose of having such property adjudged to belong to the estate, and to have it appropriated to the payment of their claims.

3. SAME—ACTION AT LAW—EQUITABLE RIGHTS.

In an action at law in the circuit court interveners cannot be admitted for the purpose of setting up equitable rights.

Objections to Petition for Intervention.

This action was brought by the plaintiff against the defendant to recover the value of 1,000 shares of the capital stock of the Rocco-Homestake Mining Company, on deposit with the bank of defendant, of which she claims to be the owner, and which the bank refused to deliver to her upon demand therefor. The amount claimed is $15,000. Petitioners herein ask leave to intervene in this action. In their petition it is alleged that "they have an interest in the matter in litigation in above-entitled cause, and an interest against both of the parties to said cause"; that they are creditors of the estate of R. M. Clarke, deceased; that their claims were duly allowed by the administratrix (Ida K. Clarke, plaintiff herein) of said estate, and approved by the district judge, acting as the judge in probate over the administration of said estate, which claims have never been paid; that the plaintiff herein is the widow of R. M. Clarke, deceased, who died intestate February 11, 1900; that plaintiff was on March 18, 1900, appointed administratrix of said estate; that said estate was regularly administered upon,

---

¶ 1. See Courts, vol. 13, Cent. Dig. § 859.

and that on September 7, 1901, the account of the administratrix of said estate was accepted, settled, approved, and allowed by the court; "that said administratrix, Ida K. Clarke, was duly and finally discharged from her administration of said estate on the 7th day of September, A. D. 1901; * * * that said R. M. Clarke, deceased, was during his lifetime the owner of an undivided one-twelfth interest in the Homestake mine, situate in White Pine county, Nevada, referred to in defendant's answer, and of said 1,000 shares of the Rocco-Homestake Mining Company's stock, referred to in plaintiff's complaint"; that said one-twelfth interest in said mine and the 1,000 shares of Rocco-Homestake stock refer to one and the same interest; "that said one-twelfth interest in the aforesaid mine and 1,000 shares of said stock is now, and at all times since his death has been, the property of said estate of Robert M. Clarke, deceased"; that said estate was rendered insolvent by reason of said administratrix wrongfully withholding the one-twelfth undivided interest of said Clarke in said mine and the said 1,000 shares of the Rocco-Homestake stock from the assets of said estate; that the proceeds resulting from said interest and shares of stock rightfully belong to the estate of R. M. Clarke, deceased; and pray this court to allow them to intervene in this proceeding by this petition, and that on the final hearing of this cause "plaintiff recover from said defendant whatever may be found due from defendant to plaintiff; and that said sum so recovered be adjudged to be the property of the estate of said R. M. Clarke, deceased, and that interveners be paid, out of said sum recovered, the amounts of their respective claims." Attached to said petition is an exhibit of the individual claims against the estate of R. M. Clarke, deceased, amounting in the aggregate to the sum of about $2,000; also an exhibit showing the final account of the administratrix to have been allowed and settled by the district court of Ormsby county, Nev. To this petition plaintiff has filed several objections: (1) That the petition for intervention fails to state facts sufficient to authorize this court to take jurisdiction of the persons of petitioners, or either of them, or of the subject-matter of their claims; (2) that the petition fails to show diversity of citizenship between plaintiff and petitioners, or either of them; (3) that the petition shows affirmatively that the respective claims of said petitioners are not sufficient in amount to bring the same within the jurisdiction of this court; (4) that the petition affirmatively shows that petitioners have no joint interest or claim against plaintiff, and have no right to join in a petition for intervention herein; (5) that the petition shows on its face that the alleged demands of petitioners are of an equitable nature, and "cannot properly be injected into an action at law"; (6) that the petition for intervention affirmatively shows that petitioners, and each of them, have no cause of action against plaintiff herein because their alleged claims are "res adjudicata" between petitioners and plaintiff and the estate of R. M. Clarke, deceased, respectively; (7) that the proceedings had in the district court in the settlement of the estate of R. M. Clarke, deceased, constitute a final judgment upon the merits of the claims of the petitioners, which cannot be collaterally attacked; (8) that the remedy of petitioners, if any they ever had, was by application to the state court to have the property herein involved included in and administered upon as a part of said estate; (9) that the complaint is founded upon a tort committed by the Eureka County Bank, and damages are claimed by plaintiff for such tort; "as legal and equitable demands cannot be joined in this court, petitioners can have no standing in this action;" (10) that it is not shown that petitioners, or either of them, became creditors of R. M. Clarke before he transferred the stock in question to plaintiff, and are not in a position to attack the validity of the same in this court.

Alfred Chartz and N. Soderberg, for plaintiff.

Oscar J. Smith and A. E. Cheney, for defendant.

James G. Sweeney, for petitioners.

HAWLEY, District Judge (orally). This court has jurisdiction over the parties plaintiff and defendant in this action by reason of the diversity of their citizenship and the amount in controversy. The

residence of the petitioners and the amount of their interests are therefore immaterial. The objections 2 and 3 are without merit.

Whether petitioners can jointly unite in an application to intervene in relation to their separate claims against the estate of R. M. Clarke, deceased, is certainly doubtful (Rhoades v. Pennsylvania Co. [C. C.] 93 Fed. 533); but this objection could be easily obviated by an amendment, and the question will not be discussed.

There are other matters of much greater importance presented by the objections, which reach the merits, and cannot be overlooked, viz., whether petitioners can maintain their right of intervention in this action without first bringing suit in the state court to annul the settlement of the estate of R. M. Clarke, deceased, and to set aside the discharge of Mrs. Clarke as the administratrix thereof. That is a matter over which this court has no jurisdiction. Unless that decree of the state court is set aside, petitioners are not in a situation to intervene. The decree of the state court is final, and it certainly cannot be collaterally attacked in the action before this court. The conclusive character of such settlements necessarily flows from the judicial nature of the proceedings. The doctrine of res judicata is applicable. It would be unreasonable, and contrary to judicial principles, to have another court allow matters to be again questioned "which a court of competent jurisdiction has once decided." This court could not, therefore, grant the relief petitioners ask for upon the present condition of the pleadings by investigating the facts as to whether the interest in the Rocco-Homestake claim belonged to the estate of R. M. Clarke, and, if so, whether it was wrongfully, illegally, or fraudulently withheld by the administratrix from the legitimate assets of the estate.

The settlement of estates is provided for by statute. It is the province of the court invested with probate powers to pass upon final accounts and determine judicially what assets the executor or administrator is chargeable with and to what credits he is entitled; and it necessarily results from this authority that the decision of any question upon which there was an issue between the parties becomes an adjudication thereof, which cannot be impeached except in a direct proceeding, by appeal, or for fraud. 2 Woerner, Adm'n, § 502. It is unnecessary to quote authorities upon this subject. It is sufficient simply to refer to the provision of the statute of Nevada, which declares that "the settlement of an account and the allowance thereof by the court shall be conclusive against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability their rights to proceed against the executor or administrator" within a specified time. Cutting's Comp. Ann. Laws Nev. § 2977. The general averment that petitioners "have an interest in the matter in litigation in above-entitled cause, and an interest against both of the parties to said cause," is, of itself, a mere conclusion of law. Whether they have such an interest in the litigation must be determined from the facts stated in their petition. To entitle petitioners to intervene, they must have such an interest in the matter in litigation that they would either gain or lose by the direct legal operation and effect of the judgment which might be

rendered in the suit between the original parties. The interest must be that created by a claim to the demand, or some part thereof, in the action or suit, or a claim to or lien upon the property, or some part thereof, which is the subject of litigation. Section 3693, Cutting's Comp. Ann. Laws Nev.; Harlan v. Mining Co., 10 Nev. 92; Lombard Inv. Co. v. Seaboard Mfg. Co. (C. C.) 74 Fed. 325; Smith v. Gale, 144 U. S. 509, 518, 12 Sup. Ct. 674, 36 L. Ed. 521; 17 Am. & Eng. Enc. Law, 181, and authorities there cited. A judgment in favor of the plaintiff in the action in her individual name against the Eureka County Bank would not place petitioners in a position either to "gain or lose by the direct legal operation and effect of the judgment which might be rendered in the action between the original parties." It is apparent that a judgment therein in favor of the bank would not have any such an effect. Petitioners, under their pleadings, have no lien upon the property, and no interest therein which, under the provisions of the statute, entitles them to intervene. Where there is no statement of any fact which entitles petitioners to intervene, the petition must be taken the same as a complaint which fails to state facts sufficient to constitute a cause of action, and an objection to its sufficiency may be taken at any time. It is proper to add that the petitioners seek to set up equitable rights in an action at law, which cannot be done in this court. This principle is too well settled to require citation of authorities.

The objections, as noted herein, are sustained. If petitioners desire to amend their pleadings, leave will be given to do so.