Day v. Bullen.

---

## Edwin C. Day, Administrator, et al. v. Cornelia M. Bullen, Executrix, et al.

### Gen. No. 12,459.

1. GIFT—*when complete.* Delivery of stock certificates, accompanied by appropriate words indicating the intention to transfer title by gift, accompanied by subsequent possession in the donee, shows *prima facie* title.

2. ADMINISTRATOR—*character of title received by.* An administrator acquires no better title than his intestate had; what his intestate could not do, if living, he cannot do, in so far as the matter of setting aside a gift is concerned.

3. PERSONAL PROPERTY—*remedy for wrongful conversion of.* The proper forum for the determination of the question of the ownership of personal property is at law and not in equity.

4. INTERVENE—*how right to, governed in Illinois.* The right of in-

tervention in equity in Illinois is governed by the general rules of equity.

5. INTERVENE—*what interest will entitle party to*. The interest which will entitle a party to intervene in equity must be an interest in the matter about which the litigation is to be, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment.

Bill for accounting. Error to the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed May 29, 1906.

**Statement by the Court.** The bill in this case was filed by plaintiff in error Day, as special administrator of the estate of Robert F. Bullen, against defendant in error, Cornelia M. Bullen as executrix of said estate and as administratrix to collect, and individually, and defendants in error Jerome, Walter E. Harris and The Harris Company.

It sets forth the appointment of Day as special administrator to collect, the probate of the will of Robert F. Bullen, the appointment of Cornelia M. Bullen, executrix, the presentation of an inventory by her showing no estate real or personal, the filing by her of a supplementary inventory showing no real or personal estate, and certifying to the possession and ownership by Cornelia M. Bullen individually of 299 shares of the capital stock of the Harris Company valued at $29,900, and that the same was no part of the estate, and that this was set forth in lieu of an answer to the petition of Robert F. McDonald filed in the estate.

The bill avers that at the death of Bullen 298 shares of stock of The Harris Company were owned by him and were assets of his estate; that the stock stood in the name of Walter E. Harris on the books of The Harris Company in trust for Bullen, who exercised acts of ownership over said stock up to a short time before his death; that after the death of Bullen, Cornelia M. Bullen presented certificates for 299 shares of stock to The Harris Company and demanded new certificates therefor in her name and the company canceled the old certificates and issued new ones

to her; that the balance of the stock of the company was owned and controlled by Walter E. Harris and Chauncey B. A. Jerome; and charges that a transfer of the stock to Harris and Jerome was about to take place, and prays that Cornelia Bullen be required to pay to the complainant the value of the stock and all sums of money derived by her from the sale of the same.

The answer of Cornelia M. Bullen denied the allegations of the bill and claimed that she was the owner of the stock in her own right, and that it was not held by her in trust for any person.

By leave of court Robert McDonald filed an intervening petition stating that he had filed his claim against the Bullen estate in the Probate Court for $4,500 and interest thereon from 1870 to date for money placed in the hands of Bullen, deceased, in trust for petitioner, and that Cornelia Bullen be decreed to pay said trust fund and turn the same over to the petitioner.

The answer of Mrs. Bullen denied that there was such a trust fund, and averred that if there was, petitioner was guilty of *laches* in regard thereto and could have no relief.

On hearing the Circuit Court dismissed the bill and the intervening petition for want of equity.

WARWICK A. SHAW and CHARLES A. KIMMETT, for plaintiffs in error.

EDMUND S. CUMMINGS, JAMES G. CONDON and THOMAS J. CONDON, for defendants in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

It is obvious from the evidence contained in the record that as between Robert F. Bullen and his wife the gift of the stock in question at the time it was made was in all respects valid and binding. At no time before his death could Bullen have set aside the gift and recovered the shares of stock from his wife in any proceeding, legal or equitable. The gift was complete. The possession of the

shares was transferred to the appellee, duly indorsed, accompanied with appropriate words of gift, in the presence of witnesses, and under circumstances which leave no doubt in the mind of his intention and purpose. He had directed Mr. Leary, the bookkeeper of the Harris Company, to go to the vault where his securities were kept and bring to him the securities, including the certificates of the shares of stock in question, and other shares of stock in other companies. Leary, in accordance with his request, went to the vault and brought to Bullen's residence 301 shares of stock of the Harris Company, 90 shares of the stock of the Charles Moe Company, and stock of the Chicago Shipping & Receipt Book Company. When Leary handed the securities to Bullen he requested the latter to look them over "to see whether they were all right." Bullen having examined them said that the right amount was there, and then called his wife and said: "Here, Cornelia, these are yours. Put them away." Thereupon Mrs. Bullen took the certificates of shares of stock and went into another room with them, and Bullen gave to Leary his key to the vault, saying that he did not think he would have anything further to do with the vault. Mrs. Leary corroborates her husband fully as to what occurred at the Bullen residence when Bullen handed the securities to his wife. This testimony, together with the fact that at the time of Bullen's death, and long prior thereto, Mrs. Bullen had possession of the stock certificates duly indorsed, shows *prima facie* title to the stock in question. Coffey v. Coffey, 179 Ill. 283; Martin v. Martin, 170 id. 18.

It is urged, however, by counsel for plaintiffs in error that the evidence shows that Bullen after the gift of the shares exercised dominion over them and drew money on them. We think the evidence falls far short of showing any basis for this contention.

It is said in Dearth v. Bute, 71 Ill. App. 487, at page 494: "We understand it to be the settled law of this State that an administrator takes the estate as he finds it, *cum onere*; that he stands in the shoes of the deceased, and that

whatever would bind the property in the hands of the deceased binds it in the hands of the administrator." See also authorities there cited.

If a debtor in his lifetime makes a fraudulent conveyance of property to hinder and delay his creditors, such conveyance, although void as to creditors, is binding on his heirs and representatives. White v. Russell et al., 79 Ill. 155.

What Bullen could not do in his lifetime in regard to recovering these shares of stock or their value or the money received for them, his administrator cannot do. If Bullen could not recover the shares or their proceeds against his wife in the proper form of action in his lifetime, his administrator cannot recover.

It is insisted by appellees that if complainant, plaintiff in error, has any right to recover it is at law and not in equity.

The answer after denying that complainant is entitled to the relief prayed or any part thereof prays the same advantage as if the bill of complaint had been demurred to. The amended bill after striking out the words " that said transfer be set aside, and that said stock be turned over to your petitioner. and become a part of the assets of the said estate," inserts in lieu thereof " that the said Cornelia M. Bullen either individually or as executrix of the estate of Robert F. Bullen, deceased, or as administratrix of the estate to collect of Robert M. Bullen, deceased, be required to pay to your petitioner the value of the stock, and sums of money derived from the sale of said stock be turned over to your petitioner to become a part of said estate."

We think the complainant has no standing in a court of equity. His remedy at law is adequate. The ownership of the stock is the point to be determined. The proper forum for the determination of that question and for the recovery of the value of the stock, if converted, is in a court of law. Simms, Admr., v. Guess, 52 Ill. App. 543.

By leave of court, Robert McDonald filed an intervening petition in the cause, which was afterwards amended. The amended petition set up that the petitioner was a nephew of the deceased and that he had filed his claim against the

estate of Robert F. Bullen, deceased, for $4,500 with interest from 1870 to date; that the $4,500 was left with Bullen by the mother of petitioner in trust for petitioner, giving the circumstances; that the money had never been paid to petitioner and was still held in trust by Bullen at the time of his death, and prayed that a trust be declared to have existed in said Bullen, deceased, at the time of his death for said sum of money and interest, and that Cornelia Bullen be decreed to turn over and pay to the petitioner such sum of money as may be found due to the petitioner in the hands of Bullen, deceased, at the time of his death.

The answer of Cornelia M. Bullen denied that there was an estate of $30,000 or that the 299 shares of stock of the value of $30,000 belonged to the estate, and denied that there was any such trust fund. The answer set up the laches of petitioner in that for thirty years he had known that Bullen had exercised absolute dominion over said trust fund, if one existed, and had at no time recognized petitioner's right to the same, and that petitioner had never made any claim or demand upon Bullen therefor, and denied that petitioner was entitled to the relief prayed, and asked the same advantage of the answer as though she had demurred to the petition.

The intervening petition does not trace the fund claimed by the petitioner into the subject-matter of the controversy in the original cause, nor does it show any lien thereon or that petitioner was a necessary or proper party to the cause. Without going into or discussing the evidence offered under the petition, the most that, under the most favorable view to petitioner, can be claimed for it is that it shows the money was paid to Bullen and that petitioner never made any claim upon him for the money or for an accounting at any time; and that petitioner is a creditor of the estate. In our opinion this does not put McDonald in such a relation to the stock in controversy or the proceeds thereof as to entitle him to file and maintain his petition in this cause. In this State the right of intervention is governed by the general rules of equity. Wightman v.

Yaryan Co., 217 Ill. 371.  And in jurisdictions in which statutes are in force authorizing intervention it is held, without exception, that the interest which will entitle a party to intervene must be an interest in the matter about which the litigation is to be, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment.  In other words, the interest must be one created by a claim to the property in suit or some part thereof, or a lien upon the property, or some part thereof, which is the subject-matter of litigation.  Wightman v. Yaryan Co., *supra*.  We think, therefore, the intervening petition was properly dismissed.

Finding no error in the record, the decree is affirmed.

*Affirmed.*