W. H. LATHAM ET AL., APPELLEES, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY ET AL., APPELLEES; DAVID C. BALLANTINE ET AL., INTERVENERS AND APPELLANTS.

FILED JULY 1, 1916. No. 18905.

1. **Parties:** INTERVENERS. "To authorize a party to intervene, he must have an interest of such a direct and immediate character that he will either gain or lose by the direct legal operation of and effect of the judgment. This interest must be one arising from a claim to the subject-matter of the action or some part thereof, or a lien upon the property or some part thereof." *Kansas & C. P. R. Co. v. Fitzgerald*, 33 Neb. 137, 142.

2. **Drainage Districts:** OBJECTIONS TO ORGANIZATION: INTERVENTION. Upon the hearing of objections to the organization of a drainage district by the district court, owners of lands outside of the proposed district who have not been made parties to the proceeding, who refuse to become members of the district, and whose lands are not subject to assessment for the cost of the proposed improvements, cannot intervene and object to the organization of the district on the ground that the construction of the drainage improvements will injure their lands which adjoin a stream below the outlet of the proposed drainage ditch. Rev. St. 1913, sec. 1799.

APPEAL from the district court for Frontier county: LESLIE G. HURD, JUDGE. *Affirmed.*

*J. A. Williams,* for appellants.

*Byron Clark, W. H. Latham* and *L. H. Cheney,* contra.

FAWCETT, J.

Plaintiffs, who are owners of Swamp and overflowed lands traversed by Medicine creek, filed with the clerk of the district court for Frontier county articles of association for the organization of a drainage district. Rev. St. 1913, secs. 1797–1865. Summons was served upon the Chicago, Burlington & Quincy Railroad Company and upon Frontier county, the other owners of land within the proposed district. A number of owners of lands below the proposed drainage ditch intervened and challenged the right of plaintiffs to form the proposed district. After a hearing, the district court authorized the formation of the drainage district, and the interveners have appealed.

In the district court plaintiffs challenged the right of interveners to oppose the formation of the drainage district. Interveners are not the owners of real estate within the proposed district, and their lands will not be assessed to pay the cost of the drainage. Though requested to do so, they have refused to join with plaintiffs in the organization of a drainage district. Medicine creek flows eastward and southerly in a tortuous channel through the lands of plaintiffs and on through the lands of interveners. The proposed drainage ditch, including the lateral, is two and a half miles long. It taps the creek on lands of plaintiffs and returns to the creek before leaving their lands. The ditch has the same carrying capacity as the creek, but shortens the distance about one-half. Interveners challenge the right of plaintiffs to organize a drainage district on the ground, among others, that the straightening of the channel will so accelerate the flow of the water in the creek as it crosses interveners' lands that it will wash and overflow the same, and also deprive them of the benefits of subirrigation. Are interveners entitled to object to the formation of the drainage district on the alleged ground that the construction of the drainage ditch will be to their damage as owners of land adjoining the creek below the outlet of the ditch? Interveners contend that their action is authorized by the statute, which provides:

"Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the state of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences." Rev. St. 1913, sec. 7609.

This section must be read in connection with the provisions of the drainage act. The act provides for the filing of articles of association showing, among other matters, the boundaries of the proposed district, the names of owners signing the articles, and a description of the real estate within the proposed district, and the names of owners of real estate within the district benefited by the proposed construction who refused to sign the articles. Rev. St. 1913, sec. 1797. Notice of the proposed organization must be given to all owners of land within the district who have not signed the articles of association. Rev. St. 1913, sec. 1798. The statute further provides:

"All owners of real estate situated in the proposed district who have not signed the articles of association and who may object to the organization of the drainage district, after having been duly summoned shall, on or before the second day of the term of court to which they have been summoned to appear, file their objection or objections in writing, if any they may have, why such drainage district should not be organized and declared a public corporation of this state, and why their land will not be benefited by drainage, and should not be embraced in the drainage district and liable to taxation for draining the same; and all such objections shall be heard by the court in a summary manner, without any unnecessary delay, and, in case such objections are overruled, the district court shall, by its

order duly entered of record, duly declare the drainage district a public corporation of this state.  *  *  *  And in case any owner of such real estate shall satisfy the court that his real estate, or a part thereof, has been wrongfully included in the district, and will not be benefited thereby, then the court may exclude such real estate as will not be benefited, and declare the remainder a district as prayed for." Rev. St. 1913, sec. 1799.

The intent of the statute is that upon the hearing by the district court the proceedings shall be "in a summary manner, without any unnecessary delay." Provision is made for hearing the objections of owners of real estate within the district. The statute does not contemplate that the question of the rights and liabilities of the district to third persons shall be determined in such proceeding. It is not intended that landowners without the district who will not be assessed for the cost of the improvements shall prevent the organization of a drainage district by landowners consenting to be assessed for the cost of the improvements. The drainage act does not contemplate that the question of damages raised by third persons shall be decided at the hearing upon the application for the formation of a district, and the statute permitting intervention is not applicable. "To authorize a party to intervene, he must have an interest of such a direct and immediate character that he will either gain or lose by the direct legal operation of an effect of the judgment. This interest must be one arising from a claim to the subject-matter of the action or some part thereof, or a lien upon the property or some part thereof." *Kansas & C. P. R. Co. v. Fitzgerald,* 33 Neb. 137, 142.

*Zumbro v. Parnin,* 141 Ind. 430, and *State v. Board of County Commissioners,* 98 Minn. 89, relied upon by interveners, were decided under drainage laws containing different language. Whether the construction of the ditch would wrongfully damage interveners as alleged is a question to be decided in other proceedings. The statute provides that the district may be sued, and that it "shall be

liable for all injuries and damages caused by the construction of said drainage improvements arising by virtue of contract or tort." Rev. St. 1913, sec. 1864. The district is given the power of eminent domain to acquire rights of way whether within or without the district. Rev. St. 1913, secs. 1816, 1817. Rights of landowners without the district may be protected in proper proceedings. The trial court properly found against interveners. Owners of real estate within the district are not opposing the formation of the district, and questions presented by interveners relating to the legality of the organization need not be decided on this appeal.

The judgment of the district court is therefore

AFFIRMED.