CITY OF OMAHA ET AL., APPELLEES, v. DOUGLAS COUNTY ET AL., APPELLEES: ELIAS HOLOVTCHINER, INTERVENER, APPELLANT.

FILED DECEMBER 8, 1933. No. 28626.

*J. B. Fradenburg,* for appellant.

*Henry J. Beal,* for county of Douglas et al., appellees.

*Fred A. Wright, Harry B. Fleharty* and *Battelle, Travis & Strelow,* for city of Omaha et al., appellees.

Heard before GOSS, C. J., ROSE. and PAINE, JJ., and BEGLEY and HORTH, District Judges.

BEGLEY, District Judge.

This is a suit in equity brought by the city of Omaha and Frank W. Anderson against the county of Douglas and the county commissioners for an injunction to prevent the maintenance of a barracade on the so-called Woolworth avenue road across the Field Club grounds. Appellant, Elias Holovtchiner, intervened and adopted the answer of the defendant in an effort to prevent the reopening of the road. The trial court found in favor of the plaintiffs and the injunction prayed for was granted. The county of Douglas and the county commissioners accepted the judgment and decree of the district court and did not appeal therefrom. The intervener, Holovtchiner, has brought the case by way of appeal to this court.

The city of Omaha, appellee herein, has filed a motion that the decree of the district court, in so far as it affects the rights of the city of Omaha, be reversed and vacated and the injunction be dissolved and that its petition be forthwith dismissed and then it be found to be entitled to no relief whatsoever in this action. The city of Omaha, together with Anderson, instituted this action and secured the relief from the trial court. It would now be inequitable to permit the said city to withdraw from the case after having secured the decree from the district court. Its said motion is therefore overruled.

The appellees contend that the intervener, Elias Holovtchiner, is without authority to intervene in the suit or to appeal from the decision of the district court. The intervener in his answer merely adopted the answer of the defendants, county of Douglas and its commissioners, who do not appeal. He did not testify and there is no showing that he had any interest different than the general taxpayers. He did not live on property adjoining the highway or street which would be liable for assessment, paving, grading and all other improvements, nor did he plead or prove any interest in the subject-matter of the litigation. Section 20-328, Comp. St. 1929, provides that any person who has or claims an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to the action by intervention. In the case of *Latham v. Chicago, B. & Q. R. Co.*, 100 Neb. 173, the court said:

"To authorize a party to intervene, he must have an interest of such a direct and immediate character that he will either gain or lose by the direct legal operation of and effect of the judgment."

One who lives apart from the road on another street can have no interest in the road other than that of any other taxpayer of the county. The only interest the intervener claims in his pleading is the same as that of Frank W. Anderson, the plaintiff. The same is not sufficient to authorize him to intervene in the suit, as he is not

attempting to uphold the position of Anderson as plaintiff, who claims the right to use the road by prescription and dedication.

The suit was conducted by and on behalf of the city against the county of Douglas. The city has jurisdiction to open or close this road in a proper case. There is no claim that there was any fraud or failure on the part of either the county or the city to act, nor that the issues were not being properly presented, and it would seem that the county being satisfied with the judgment of the lower court, and the city also having acquiesced in that judgment, this should be an end of the litigation.

Taxpayers, without showing some special interest in the subject of litigation, cannot intervene in matters of public interest that are being prosecuted for or against a county by its proper officials. *State v. Holmes*, 59 Neb. 503; *Parker v. City of Grand Island*, 115 Neb. 892; *State v. Hall, ante*, p. 236.

The evidence shows that for more than ten years prior to 1887 this road was used by the public adversely and as a matter of right. The county erected two bridges over the railroad tracks crossing said tract, one in 1891 and the other in 1901, which had been used continuously by the public; that the county dedicated this to the use of the public as a public road; that in 1923 a part of the road was graded and graveled pursuant to a contract with the promoters of two additions west of the county property under which contract the promoters paid a part of the cost. Nine witnesses testified for the plaintiffs below and they remembered using the road as far back as 1873. It was a county road so designated by a map from 1866 until 1887, when the property was incorporated within the city limits. They testified positively that the road is the same as the present Woolworth avenue road; that it was used generally by the public; that there were no fences or gates to prevent entrance or egress; and that it was the main traveled road from Omaha to the western and southwestern parts of the county. One witness testi-

fied that the road was fenced on both sides in 1873. These facts were not seriously contraverted in the lower court, but the defendant contended that as a matter of law the county commissioners had no authority to dedicate this road, and the right of prescription does not accrue after 1899, and that same was interrupted before that time. The law is well settled in this state that, when the public uses a road adversely to the owner for a period of ten years, it gains a right to its continued use by prescription. This rule applies against a county as well as against a private individual. These rights to be effective must have accrued before 1899. *Burk v. Diers,* 102 Neb. 721; *Agnew v. City of Pawnee City,* 79 Neb. 603. Also, the right to use a road may be given to the public by dedication. Such dedication may be by parol, may be implied from the conduct of the owner, or may be presumed from lapse of time. *Eldridge v. Collins,* 75 Neb. 65.

The contract between the county and the owners of the addition to the city was a license coupled with an interest which makes it irrevocable. The county board had authority to contract with private landowners to give them such license and use of such road across county property and to bind the county thereby. *Clark v. Saline County,* 9 Neb. 516.

In considering the evidence in the case, we are led to the conclusion that the district court did not err in granting the injunction requiring the barriers to be removed from the road. The judgment is therefore

AFFIRMED.