CORNHUSKER ELECTRIC COMPANY, APPELLEE, V. CITY OF
FAIRBURY, APPELLEE: CHARLES M. HURLBURT ET AL., IN-
TERVENERS, APPELLANTS.

FILED DECEMBER 23, 1936. NO. 29778.

*W. J. Moss* and *Melvin Moss,* for appellants.

*Hartigan & Skultety, Perry, Van Pelt & Marti* and *E. A.
Wunder, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER,
JJ., and CHAPPELL, District Judge.

CHAPPELL, District Judge.

Plaintiff, appellee, sought in equity to enjoin defendant,
appellee, city of Fairbury, from disconnecting the connec-
tions now existing between plaintiff, its customer, and de-
fendant's electric power plant; from in any manner pre-
venting plaintiff from receiving electric power from defend-
ant as now served by them; that the court find the rates now
charged plaintiff to be unreasonable, and that defendant be
required to fix a reasonable rate therefor. We deem it un-
necessary to set forth the many allegations of plaintiff's
petition. W. J. Moss, then city attorney, filed answer for
defendant. E. A. Wunder, succeeding him as city attorney,
later filed an answer almost identical with that already on
file for the city.

After issues joined between plaintiff and defendant, in-

terveners, represented by W. J. Moss and others, filed a petition in intervention. Plaintiff and defendant both filed separate demurrers thereto, which were sustained by the court. Interveners elected to stand on their petition and the trial court dismissed them out of the case. Several propositions of law are presented in appellants' brief, but a discussion of one of them disposes of the case. Undoubtedly the trial court found that appellants' petition did not contain proper averments that they had an interest in the matter in litigation which entitled them to intervene. We declare that to be the issue.

The petition alleges in substance that interveners are residents, electors, property owners, taxpayers and patrons of the city plant, interested in having the city charge and receive a reasonable rate for electricity, and that if such rate is not maintained the city will advance the rate for service to petitioners and all other users similarly situated for whom this petition is filed. Other allegations of the petition negative plaintiff's right to recover or present the same issue against the plaintiff as appears in defendant's answer except certain parts which are conclusions rather than statements of issuable facts.

We have said that it is a universal rule of law that no one has any right to intervene in any action unless he has some right to protect which is not being protected. *Buffalo County v. Kearney County,* 83 Neb. 550, 120 N. W. 171. The petition in intervention must state such facts as, if conceded to be true, will entitle the applicant to some relief or, in other words, will sustain his right to intermeddle in the proceedings and support a decree and judgment in his favor or in favor of the party whom he undertakes to assist. Note, 123 Am. St. Rep. 289; 20 R. C. L. 690, sec. 29; 47 C. J. 112; *Welborn v. Eskey,* 25 Neb. 193, 40 N. W. 959. The petition must not merely be in argumentative form, presenting what must apparently be regarded as conclusions rather than issuable facts. Note, 123 Am. St. Rep. 289; 20 R. C. L. 690, sec. 29; 47 C. J. 112; *Bouden v. Long Acre Square Bldg. Co.,* 86 N. Y. Supp. 1080; *Clarke v. Eureka County Bank,*

116 Fed. 534; *Thibault v. McHaney*, 127 Ark. 1, 192 S. W. 183; *Moran v. Bonynge*, 157 Cal. 295, 107 Pac. 312; *Honegger v. Wettstein*, 94 N. Y. 252; *Watkins v. Citizens Nat. Bank*, 53 Tex. Civ. App. 437, 115 S. W. 304; *Welborn v. Eskey, supra; Kansas & C. P. R. Co. v. Fitzgerald*, 33 Neb. 137, 49 N. W. 1100. An intervener must plead some interest in the subject-matter of the litigation. A mere denial of plaintiff's right is insufficient to give him a standing in court. *Moline, Milburn & Stoddard Co. v. Hamilton*, 56 Neb. 132, 76 N. W. 455; *Parker v. City of Grand Island*, 115 Neb. 892, 215 N. W. 127; *Coffey v. Greenfield*, 62 Cal. 602; *Clapp & Co. v. Phelps & Co.*, 19 La. Ann. 461, 92 Am. Dec. 545; *Shepard v. County of Murray*, 33 Minn. 519, 24 N. W. 291; *Empire Distilling Co. v. McNulta*, 77 Fed. 700; 20 R. C. L. 690, sec. 29.

The interest in a matter in litigation which will authorize a person to intervene in an action under section 20-328, Comp. St. 1929, must be such a direct and immediate interest that the person or persons seeking to intervene will either lose or gain by the direct operation and legal effect of the judgment which may be rendered in the action. This interest must be one arising from a claim to the subject-matter of the action or some part thereof, or a lien upon the property or some part thereof. An indirect, remote or conjectural interest in the result of the suit is not enough to permit intervention. *Kansas & C. P. R. Co. v. Fitzgerald, supra; Latham v. Chicago, B. & Q. R. Co.*, 100 Neb. 173, 158 N. W. 923; *Dickson v. Dows*, 11 N. Dak. 407, 92 N. W. 798; *Smith v. Gale*, 144 U. S. 509; *Wood v. Denver City Water Works Co.*, 20 Colo. 253, 38 Pac. 239; *Cache La Poudre Irrigating Ditch Co. v. Hawley*, 43 Colo. 32, 95 Pac. 317; *Day v. Bullen*, 127 Ill. App. 155; *Wightman v. Evanston Yaryan Co.*, 217 Ill. 371, 75 N. E. 502; *Dennis v. Spencer*, 51 Minn. 259, 53 N. W. 631; *Walker v. Sanders*, 103 Minn. 124, 114 N. W. 649; *Maddox v. Rader*, 9 Mont. 126, 22 Pac. 386; *Harlan v. Eureka Mining Co.*, 10 Nev. 92; *Horn v. Volcano Water Co.*, 13 Cal. 62, 73 Am. Dec. 569; *Coffman v. Spokane Chronicle Publishing Co.*, 65 Wash. 1,

117 Pac. 596; *First Nat. Bank v. Clark*, 21 N. M. 151, 153 Pac. 69; *City of Grand Rapids v. Consumers Power Co.*, 216 Mich. 409, 185 N. W. 852; 20 R. C. L. 684, sec. 23; Note, 123 Am. St. Rep. 298, 307.

The parties all discussed the case of *City of Grand Rapids v. Consumers Power Co., supra,* in argument and briefs submitted to this court. It is conceded that the trial court based its decision thereon. In our opinion it is as near a precedent for this case as can be found in the books. The Michigan statute, section 12362, 3 Comp. Laws 1915, with reference to intervention, is broader than our own section 20-328, Comp. St. 1929, yet the Michigan court held under similar circumstances that the right of a consumer of electricity to intervene in a suit by a city to enforce rates does not exist, his interest being indirect, remote and conjectural.

Interveners herein appear to be in the same position. They are simply interested, according to their petition, in having the city charge and receive a reasonable rate for electricity and allege that if such rate is not maintained by the city it will advance the rates of service to them. Their petition discloses no interest of such a direct and immediate character that they will either gain or lose by the direct operation and legal effect of whatever judgment might be returned by the court. The demurrers were properly sustained, and the decision of the trial court is right and it is

AFFIRMED.